# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20009

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2018

Lyle W. Cayce
Clerk

RALPH W. ROGERS, SR.,

Plaintiff-Appellant

v.

WARDEN BREWER; WARDEN LACOX; WARDEN PRESWOOD; WARDEN CARTER; SUPERVISOR J. PEGODA; MAINTENANCE SUPERVISOR BRUMLEY; CHAPLAIN MOSS; SERGEANT PARKER; SERGEANT WILLIAMS; CORRECTIONAL OFFICER SAXON; MAJOR RIGSBY; TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION - TRUST FUND; 236TH DISTRICT COURT; CRIMINAL DISTRICT COURT NO. 2; UNIVERSITY OF TEXAS MEDICAL BRANCH GALVESTON TEXAS; COURT OF CRIMINAL APPEALS,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3683

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Ralph W. Rogers, Sr., Texas prisoner # 493394, filed a civil rights action in the district court complaining inter alia of poor cell conditions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20009

inadequate medical care.   The district court denied Rogers's request for leave to proceed in forma pauperis (IFP) and dismissed the complaint because Rogers is subject to the three-strikes bar of 28 U.S.C. § 1915(g).   Rogers now moves this court for leave to proceed IFP on appeal.

The record shows and Rogers does not dispute that he has three strikes under § 1915(g); thus, to proceed IFP on appeal, he must show that he "is under imminent danger of serious physical injury."   § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).   Rogers has not satisfied this standard.

Also pending are Rogers's requests for an injunction pending appeal and emergency medical release and motions requesting that the court take "judicial notice" of his deteriorating medical conditions and other matters, for an evidentiary hearing, and for the appointment of counsel.   These motions are DENIED.

The motion for leave to proceed IFP on appeal is DENIED.   The appeal is DISMISSED AS FRIVOLOUS.   *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.